HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE EBAY SELLER ANTITRUST
LITIGATION

CASE NO. C09-735RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion (Case No. C09-959RAJ, Dkt. # 1) from Amazon.com, Inc. ("Amazon") to quash a subpoena that eBay, Inc., ("eBay") issued in connection with an antitrust action against eBay pending in the United States District Court for the Northern District of California. N.D. Cal. Case No. 5:07-01882 JF (RS). EBay has also moved to seal (Dkt. # 17) several documents. For the reasons stated below, the court GRANTS the motion to quash and the motion to seal.

## II. BACKGROUND

This order assumes familiarity with two orders the court has already entered. Those orders, particularly the first of them, articulate the legal principles that guide the court's decision today. On August 17, the court partially granted a motion from the plaintiffs in the antitrust litigation to compel Amazon's compliance with a subpoena. Aug. 17, 2009 Ord. (Dkt. # 11). The court held, however, that the plaintiffs had not shown "substantial need" in accordance with Fed. R. Civ. P. 45(c)(3)(B)(i) for what the court deemed "competitively sensitive" documents. The court recognized that the plaintiffs might be able to articulate substantial need for those documents however, and

ORDER – 1

thus declined to terminate the subpoena enforcement proceeding. The court ordered the plaintiffs to file a quarterly status report on the underlying litigation and their efforts to obtain discovery from Amazon. In the first of those reports, which the plaintiffs filed on October 13, the plaintiffs stated that they continue to work with Amazon regarding discovery, and had no relief to request at that time. Dkt. # 25.

In part, the plaintiffs were waiting for this order, which will resolve Amazon's motion to quash a second document subpoena arising from the antitrust litigation. The second subpoena came from eBay. As the court observed in its second order on September 2, eBay's subpoena was "substantially identical" to the one the plaintiffs served. The court ordered eBay and Amazon to meet and confer in light of the August 17 order to determine if they could agree on the scope of Amazon's document production, and to submit supplemental briefing if they were unable to do so.

Although eBay and Amazon substantially narrowed the scope of documents eBay sought in the subpoena, they did not reach agreement. Having reviewed the parties' supplemental briefing, the court now resolves Amazon's motion to quash.

### III. ANALYSIS

As the court has found in both of its prior orders, there is little doubt that Amazon has information that is relevant in the antitrust litigation. According to eBay, Amazon is its direct competitor in the market for third-party online sales platforms and in the market for online payment systems. Part of eBay's defense in the antitrust lawsuit is that because of competitors like Amazon and others, the plaintiffs cannot prove that eBay has market power in those markets. The plaintiffs advocate a narrower definition of the relevant markets, a definition that excludes Amazon. Information about the extent to which third-party buyers and sellers use or could use eBay's and Amazon's services interchangeably is relevant to these issues.

Much of the relevant evidence, however, comes from eBay itself, or is information about eBay's alleged competitors that is either publicly available or not competitively

ORDER – 2

sensitive. The court has already ordered Amazon to produce a host of objective information about its third-party sales platforms and its payment systems. There appears to be no dispute that Amazon has provided that information. Using it, eBay should be able to construct a historical model of Amazon's offerings in the relevant markets as well as the prices for those offerings.

Amazon's information has already been of use to eBay in the underlying litigation. EBay retained Kevin Murphy, an economist, as an expert witness. Using only information about Amazon's prices for users of its third-party sales platforms, Mr. Murphy opined that Amazon's prices serve as a competitive constraint on eBay's pricing power. Robison Decl. (Dkt. # 20), Ex. B at ¶¶ 58-64, Exs. 10-13. He opined on the scope of the relevant market using the same information. *Id.* at ¶¶ 88-89.

EBay wants more from Amazon, however. It began with 23 requests for documents, and has now narrowed those requests to five topic areas: comparisons between Amazon's fees and eBay's fees; information on the growth of Amazon's Marketplace service; customer surveys of Marketplace users; documents showing why Amazon discontinued its auction platform in 2006; and documents showing Amazon's efforts to attract new sellers, particularly eBay sellers. Robison Decl. (Dkt. # 20) ¶ 3.

For the most part, the narrowed requests confirm what eBay scarcely disputes: the court understates matters by referring to the documents eBay seeks from Amazon as "competitively sensitive." EBay wants documents that reveal the core of Amazon's competitive strategy, including its strategy with respect to eBay, as well as non-public information about the success of Amazon's third-party sales platforms.[1]

---

[1] Not every document falling within eBay's list of topics is necessarily confidential. For example, Amazon must produce documents revealing its historical pricing, which would permit eBay to compare those prices to its own. By contrast, an Amazon document directly comparing its prices to eBay's prices is likely to be competitively sensitive, as it will reveal Amazon's assessment of the comparison, how Amazon will use the comparison, or another aspect of its strategic thinking.

ORDER – 3

To the extent eBay has similar documents of its own, it considers them highly confidential. For example, it commissioned an analysis of its customers independent of the underlying litigation, and submitted that analysis in the underlying litigation. Robinson Decl. (Dkt. # 20), Ex. C. The analysis discusses eBay's competitors for third-party sales platforms, including Amazon. *Id.* It contains recommendations for improving eBay's performance relevant to the competitors. *Id.* Tellingly, eBay deems this document "highly confidential," has filed it under seal in the antitrust litigation, and has moved to file it under seal in this court. It has done the same with the competitive assessments of its expert economist, as well as with portions of its briefs in the antitrust litigation that set forth its assessment of the relevant markets.

The court also finds that eBay's subpoena, even as narrowed, would require Amazon to devote substantial resources to complying with it, at substantial expense. Amazon likely has thousands of responsive documents, and those documents are likely stored in many locations by many different custodians. The court declines to further discuss Amazon's concerns about expense, however, as the court has the power to remedy those concerns by requiring eBay to pay for Amazon's production.

With those preliminaries established, the question before the court is whether it should require Amazon to disclose possibly relevant but highly competitively sensitive information to its competitor. The court reviewed the law applying to that question in its prior orders, concluding that eBay must demonstrate a substantial need for such documents. Applying that standard, the court concludes that Amazon does not have to produce its competitively sensitive information to eBay.

First, the record suggests that Amazon's competitively sensitive information is likely to be, at best, marginally more valuable than the evidence already in eBay's possession. The arguments and evidence in the antitrust litigation reveal that eBay has crafted a robust argument that Amazon competes with eBay in both the third-party sales market and the online payments market. Even if Amazon's competitively sensitive

ORDER – 4

information would assist eBay in making those arguments, there is no evidence that convinces the court that they would add more than marginal weight. In eBay's own words, documents from Amazon would at best provide an "independent basis" for accepting its arguments. EBay Supp. Opp'n (Dkt. # 19) at 6. For example, while eBay requests documents that reveal whether Amazon experienced changes in consumer demand in response to changes in eBay's prices or policies, eBay already has information about whether it experienced changes in demand after changes in Amazon's prices or policies. EBay's own documents seem sufficient to illuminate the competition between it and Amazon. In another example, eBay claims that it needs highly sensitive documents revealing why Amazon discontinued its auction platform in 2006 to counter the plaintiff's expert's contention that Amazon would compete in that market but for eBay's anticompetitive conduct. Yet the plaintiff's expert rendered his opinion without the benefit of inside information from Amazon, suggesting that eBay does not have a substantial need for inside information to counter his opinion. EBay's plea for disclosure of Amazon's competitively sensitive information is based not on its inability to mount a defense in the antitrust litigation, but its desire to mount a "Fulsome Defense." EBay Supp. Opp'n (Dkt. # 19) at 9. In short, mitigating against any claim of "substantial need" is that both parties have demonstrated that they can vigorously pursue their contentions without Amazon's competitively sensitive information.

Second, much of the information eBay seeks from Amazon could be obtained from other sources. Whatever analyses Amazon has conducted of the relevant markets are analyses that eBay could conduct itself. Although Amazon and eBay zealously guard information about consumers, consumers themselves rarely object to providing the information. If eBay wishes to know, for example, the extent to which buyers or sellers who use third-party sales platforms view eBay and Amazon as substitutes, it can ask them. Indeed, the record reveals that it has already done so. Requiring Amazon to turn over the fruits of its own inquiries into consumer preferences is to conscript Amazon to

ORDER – 5

work for eBay.  EBay does not have a substantial need to force Amazon to turn over market analyses that eBay could conduct on its own.

Third, eBay cannot ensure protection of Amazon's competitively sensitive information.  EBay has offered to protect that information by disclosing it only to its outside counsel.  EBay does not mention that any documents it obtains from Amazon must likely be disclosed to the plaintiffs, and does not discuss whether the plaintiffs would agree to confidentiality restrictions.  The court puts that concern aside for the sake of argument, and assumes that any confidentiality restriction would apply equally to the plaintiffs.  Those restrictions may serve Amazon well for information that turns out to be of no value in the antitrust litigation.  To the extent that Amazon provides documents that are important to the antitrust litigation, however, how can eBay protect them?  Outside counsel cannot incorporate such documents into eBay's defense without consulting with eBay insiders.  In doing so, they will necessarily reveal competitively sensitive information directly to eBay.  This is likely the worst potential harm to Amazon, but it must also face the risk that its information will be disclosed beyond eBay.  If either the plaintiffs or eBay wish to rely on Amazon's information, they must submit it to the court in the antitrust litigation.  The court assumes for the sake of argument that the antitrust litigants will be diligent about taking all measures to seal Amazon's information in filings before that court, although it acknowledges Amazon's concern that outsiders have much less motivation to protect that information.  The parties cannot ensure that the court in the antitrust litigation will protect Amazon's documents, and Amazon will have no say in the matter.  Moreover, no one has addressed how they would protect Amazon's confidential information if they wanted to rely on it at trial or in another public court proceeding.

In conclusion, the court does not doubt that Amazon has information that would be of value to the parties in the antitrust litigation.  The same can be said of non-party competitors in any antitrust litigation.  Nothing, however, compels a competitor who wishes to stay outside the fray of antitrust litigation to let the litigants rummage through

ORDER – 6

its files, particularly its confidential files. The court has consistently required Amazon to disclose evidence about its business to assist the antitrust litigants in defining the relevant markets and competition within them. The court has consistently declined, however, to require Amazon to turn over its competitively sensitive information. The supplemental briefing does not convince the court to change its course.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Amazon's motion to quash (Case No. C09-959RAJ, Dkt. # 1) and GRANTS eBay's motion to seal[2] (Dkt. # 17). The court denies Amazon's request for attorney fees and costs. The court finds that eBay made a good faith effort to limit its subpoena, and that its arguments in favor of compliance with the subpoena were not unreasonable. Fed. R. Civ. P. 45(c)(1) (permitting sanctions only where subpoena proponent failed to "take reasonable steps to avoid imposing undue burden or expense").

As was the case when the court addressed Amazon's dispute with the antitrust plaintiffs, the court cannot be certain if this order puts an end to the discovery dispute between the parties. To the extent that it has not already done so, Amazon remains obliged to produce documents that are responsive to the antitrust litigants' requests but are not competitively sensitive. Moreover, it is possible that developments in the antitrust litigation will shed new light on the need for documents from Amazon. Accordingly, the court directs eBay to submit a status report on the tenth day of every

---

[2] EBay's motion to seal targets three documents that it already filed under seal in the antitrust litigation. EBay filed redacted versions of those documents in this court, and did not place them under seal. Robison Decl. (Dkt. # 20), Exs. A-C. The documents that it wishes to seal are the unredacted versions of the same exhibits. So far as the court is aware, eBay provided the unredacted documents to the court, but did not file them. The court finds that eBay has established good cause to file the documents under seal, *see* Local Rules W.D. Wash. CR 5(g)(2), but orders eBay to file those documents so that they may be made part of the formal record.

ORDER – 7

third month, beginning on January 10, 2010.  Those reports must include information sufficient for the court to assess whether to allow this matter to remain pending.

DATED this 23rd day of December, 2009.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER – 8